UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

CHINTAMANI RAMPERSAUD,

                         Plaintiff,

- versus -

CHASE HOME FINANCE and
WASHINGTON MUTUAL BANK,

                         Defendants.

MEMORANDUM
AND ORDER
11-CV-3809

A P P E A R A N C E S

    CHINTAMANI RAMPERSAUD
        116-17 127th Street
        South Ozone Park, New York 11435
        *Pro Se Plaintiff*

    CULLEN AND DYKMAN LLP
        100 Quentin Roosevelt Boulevard
        Garden City, New York 11530
    By:    Erin M. Tregarthen
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        Chintamani Rampersaud seeks damages and equitable and declaratory relief in this *pro se* action against Washington Mutual Bank ("Washington Mutual") and Chase Home Finance ("Chase Finance") for their alleged involvement in a predatory lending scheme. JPMorgan Chase Bank, N.A. ("Chase"), as successor by merger to Chase Finance, moves to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for abstention. Oral argument was scheduled for December 9, 2011, but Rampersaud did not appear.[1]

---

[1] When my case manager called Rampersaud from the courtroom, she stated that she had retained an attorney and had asked for an adjournment. That information had not previously been imparted to my chambers

Because this Court lacks jurisdiction over Rampersaud's damages claims case pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(13)(D)(ii), and because I deny her claims for injunctive and declaratory relief pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, I dismiss the complaint in its entirety.

BACKGROUND

The dispute in this action arises out of two mortgage loans issued by Washington Mutual to Rampersaud. The loans, which were extended to Rampersaud on December 1, 2006, are for $437,568 and $54,641. Compl. Exs. 1-2; Tregarthen Aff. ¶ 4. Each is loan is secured by a mortgage on Rampersaud's property located at 116-17 127th Street, South Ozone Park, New York. Compl. Exs. 1-2; Tregarthen Aff. ¶ 3.

On September 25, 2008, almost two years after the loans and mortgages were executed, the Office of Thrift Supervision ("OTS") seized Washington Mutual and placed it in receivership with the Federal Deposit Insurance Company ("FDIC" or the "Corporation"). Tregarthen Aff. ¶ 15. The same day, the FDIC entered into a Purchase and Assumption Agreement with Chase through which Chase acquired all of Washington Mutual's loans and loan commitments, including those pertaining to Rampersaud. Tregarthen Aff. ¶ 15; Mot. to Dismiss Ex. J. Rampersaud subsequently defaulted on her loans, and Chase initiated foreclosure proceedings, which are currently pending in New York state court. *See* Tregarthen Aff. ¶ 4; Mot. to Dismiss Ex. A.

---

or staff. An additional follow-up call to Rampersaud from the courtroom was not answered. Shortly thereafter, Docket Entry 17 was posted to the docket sheet. It is a letter from Rampersaud requesting additional time to retain and prepare an attorney, Yolanda Corion. Judging from the date stamp, Rampersaud had delivered the letter to the Clerk's office the day before.

That application is hereby denied. Not having obtained an order adjourning the oral argument -- as she had done in the past , see Docket Entry 14 and the order dated November 16, 2011 -- Rampersaud was not justified in simply failing to appear. I see no utility or fairness in adjourning the case further in these circumstances to allow Rampersaud an opportunity to retain Ms. Corion or another attorney.

Construing the complaint broadly and interpreting it to raise the strongest arguments it suggests, as I must in a *pro se* action, *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004), Rampersaud sets forth two sets of claims. The first stems from her allegation that the defendants participated in a fraudulent scheme to induce her to execute loans and accompanying mortgages that she could not afford. As a result, Rampersaud ultimately defaulted on her loans and Chase initiated foreclosure proceedings. She appears to allege fraud, conspiracy to commit fraud, and unjust enrichment. Pursuant to these claims, Rampersaud seeks damages, a stay of the state foreclosure proceedings, and unspecified declaratory relief.

The second set of claims brought by Rampersaud relates to her allegations that the state court foreclosure proceedings are defective. She alleges that Chase did not properly serve her with process, that Chase lacks standing to bring the foreclosure action, and that the state court lacks personal jurisdiction over her and subject matter jurisdiction over the case. Rampersaud seeks a stay of the state court proceedings and unspecified declaratory relief on this basis as well.

DISCUSSION

A.    *Standard of Review*

Two kinds of challenges can be made on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction: facial challenges and factual challenges. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). The manner in which a district court resolves the motion depends on which type of challenge has been made. If a defendant makes a facial challenge -- that is, if he objects to the legal sufficiency of plaintiff's jurisdictional allegations as set forth in the complaint -- "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff" and decide the motion based on those facts.

3

*Id.* (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)) (internal quotation marks omitted). In contrast, if the defendant makes a factual challenge -- that is, if he disputes the accuracy of the facts alleged in the complaint or otherwise suggests that the district court in fact lacks subject matter jurisdiction -- the court may consider evidence relevant to the jurisdictional question in deciding the motion. *See id.*

In this case, Chase appears to make both a facial and a factual challenge. I address its factual challenge and thus consider the evidence presented by the parties, including the complaint, the parties' filings and the exhibits attached thereto, and the Affirmation by Erin Tregarthen.

B.   *Claims for Damages*

As stated above, Rampersaud pursues claims -- specifically, fraud, conspiracy to commit fraud, and unjust enrichment -- for damages for defendants' involvement in a predatory lending scheme that culminated in her purchase of property with mortgage loans that she could not afford. I lack jurisdiction over these claims under FIRREA.

Passed to "enable the FDIC . . . to expeditiously wind up the affairs of literally hundreds of failed financial institutions throughout the country," *Freeman v. FDIC*, 56 F.3d 1394, 1398 (D.C. Cir. 1995), FIRREA creates an administrative mechanism for processing claims against failed banks in receivership with the FDIC. 12 U.S.C. § 1821(d)(3)-(13). When the FDIC is appointed receiver for a failed bank, the Act requires it to give notice to the bank's creditors that they may file their claims against the bank with the FDIC, in an administrative process. § 1821(d)(3)(B). Upon receiving any claims, the FDIC is authorized to disallow or allow and pay them. § 1821(d)(5), (10).

For claims that the Act permits to be filed through the administrative process, FIRREA makes judicial review unavailable unless the claim has been administratively filed. § 1821(d)(6)-(7), (13). Specifically, § 1821(d)(13)(D) of the Act provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over --
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

The sole part of subsection 1821(d) that "otherwise provide[s]" jurisdiction is § 1821(d)(6), which permits administrative claimants to seek judicial review only after their claims have been formally or constructively disallowed in the administrative process. *See* § 1821(d)(5)(A)(i), (6)(A). Subsections 1821(d)(6) and 1821(d)(13)(D) thus together create a standard "exhaustion requirement." *Carlyle Towers Condominium Ass'n, Inc. v. FDIC*, 170 F.3d 301, 305 (2d Cir. 1999).

FIRREA's exhaustion requirement bars Rampersaud's claims for damages. Here, the liability-creating conduct for which Rampersaud seeks damages was committed by Washington Mutual: Washington Mutual was the entity that extended the alleged predatory loans to Rampersaud. And Washington Mutual is a bank for which the FDIC was appointed receiver. Therefore, Rampersaud's claims clearly "relat[e] to an[] act or omission of" a "depository institution for which the Corporation has been appointed receiver," § 1821(d)(13)(D), and, pursuant to FIRREA's exhaustion requirement, must be administratively filed before any court has jurisdiction to review them, *see id.*, § 1821(d)(6). Because I find that

Rampersaud did not administratively file her claims for damages,[2] this Court lacks jurisdiction to hear her claims.

That Rampersaud names Chase as well as Washington Mutual as a defendant does not remove her case from the reach of FIRREA's exhaustion requirement. Although claims against a third party for its *own* wrongdoing, despite its assumption of a failed bank's obligations, arguably fall outside the scope of the requirement, *see Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137 (D.C. Cir. 2011); *cf. Bank of New York v. First Millennium*, 607 F.3d 905, 920-21 (2d Cir. 2010) (finding that § 1821(d)(13)(D)(ii) does not bar interpleader action for funds held by trust that was "independent" of FDIC and failed bank), such is not the case here. Rather, Rampersaud's damages claims against Chase seek to hold Chase liable not for its own conduct but for the conduct of Washington Mutual. Indeed, Chase was not involved with Rampersaud's loans until the FDIC, acting as receiver for Washington Mutual, transferred them to Chase. Even reading the complaint broadly, it was only Washington Mutual, not Chase, that was involved in the alleged predatory lending scheme.

Rampersaud's claims against Chase are thus claims for successor liability, which although *formally* distinct from claims directly against Washington Mutual, are *functionally* identical for purposes of FIRREA because they seeks redress for the same conduct, conduct that was committed by Washington Mutual. A plaintiff, like Rampersaud, who is complaining about a failed bank's conduct may not avoid FIRREA's exhaustion requirement simply by directing her lawsuit against the bank that assumed the failed bank's obligations (the "assuming bank") in

---

[2] Rampersaud makes no suggestion in her complaint or any of her filings that she filed her claims with the FDIC, which I understand to be a concession that she did not do so. I hoped to conclusively determine the matter at oral argument, which I adjourned at her request from November 18, 2011 to December 9, 2011. However, as discussed above, Rampersaud did not appear at the December 9, 2011 oral argument. Without the opportunity for oral argument, I make my determination based on Rampersaud's complaint, her opposition to defendants' motion to dismiss, and other filings.

a suit for successor liability. As the Court of Appeals for the Sixth Circuit has explained, "'permit[ting] claimants to avoid [the] provisions of (d)(6) by bringing claims against the assuming bank . . . would encourage the very litigation that FIRREA aimed to avoid.'" *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (quoting *Brady Dev. Co. v. RTC*, 14 F.3d 998, 1002-03 (4th Cir. 1994)) (alterations in original). If the wrongful conduct for which redress is sought is committed by the failed bank or the FDIC acting as receiver for the failed bank, any claim for such liability must be administratively exhausted, regardless of the identity of the named defendant. *See Aber-Shukofsky v. JPMorgan Chase & Co.*, 755 F. Supp. 2d 441, 448 (E.D.N.Y. 2010) ("[P]laintiffs cannot claim successor liability and circumvent FIRREA's jurisdictional bar and mandatory exhaustion requirement simply by directing claims against the assuming bank that are encompassed by FIRREA's jurisdictional bar.").

In order to pursue her damages claims for the predatory lending scheme she alleges, Rampersaud must instead file her claim administratively with the FDIC. FIRREA provides that within 30 days of discovering "the name and address of a claimant not appearing on the [failed bank's] books," the FDIC must mail a notice to the claimant that explains that she must present her claims through the administrative process. § 1821(d)(3)(C)(ii); *Carlyle Towers*, 170 F.3d at 305. Now that the FDIC has obtained this information about Rampersaud through the filing of this lawsuit, it must provide Rampersaud with notice advising her that she has 90 days to administratively file her claims with the FDIC. *See generally id.*; § 1821(d)(3)(B)(i). Although her claims -- if she decides to file any -- will be filed well after the general filing deadline for claims against Washington Mutual, the FDIC will consider the merits of her claims nonetheless as long as (1) Rampersaud "did not receive notice of the appointment of the receiver in time" to timely file her claims and (2) the FDIC has not yet made a "final distribution" of

Washington Mutual's assets. § 1831(d)(5)(C); 12 C.F.R. § 380.35(b)(ii). If the FDIC disallows her claims or fails to timely render a decision on her claims, Rampersaud may appropriately seek judicial review at that time. § 1821(d)(5)(A)(i), (6)(A)(i).

C.  *Claims for Declaratory and Injunctive Relief*

Rampersaud also pursues claims for injunctive and declaratory relief for her claims regarding both the defendants' alleged role in the predatory lending scheme and the defects in the state proceedings. She asks that I stay the pending mortgage foreclosure proceedings in state court and, although she does not specify what kind of declaration she seeks, my best construction of her complaint is that she seeks a declaration that the state proceedings are unlawful. Putting aside whether I have statutory jurisdiction under FIRREA to consider these claims for injunctive and declaratory relief[3] or whether they might be subject to dismissal for other reasons, I conclude that they must be dismissed pursuant to the Anti-Injunction Act ("AIA").

Under the AIA, a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because none of the statutory exceptions is applicable here, I am expressly barred from granting the relief Rampersaud seeks. I therefore dismiss Rampersaud's claims for injunctive relief. *See,*

---

[3] Although the Supreme Court held in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998), that a court must assure itself that it has Article III jurisdiction before deciding a case on the merits, the Court of Appeals for the Second Circuit has held that the same rule does not apply with regard to a court's statutory jurisdiction, *Fama v. Comm'r of Correctional Servs.*, 235 F.3d 804, 817 n.11 (2nd Cir. 2000). In other words, as long as a court has constitutional jurisdiction, it may pretermit a difficult question of statutory jurisdiction to decide an easier non-jurisdictional question, as long as the latter results in the dismissal of the case. In this case then, because the Court has constitutional diversity jurisdiction over Rampersaud's claims for injunctive and declaratory relief, I may assume "hypothetical" statutory jurisdiction under § 1821(d)(13)(D) over those claims and dismiss them on non-jurisdictional grounds. *Id.* I do so here because the question of whether claims against a failed bank for injunctive and declaratory relief are subject to exhaustion under § 1821(d)(13)(D) is an unanswered and complex question whereas the applicability of the Anti-Injunction Act in this case is straightforward.

*e.g.*, *Stevens v. Frick*, 372 F.2d 378 (2d Cir. 1967) (affirming dismissal of suit to stay state court proceedings because it was barred by the AIA).  Because courts are barred from doing through declaratory relief what the AIA bars them from doing through injunctive relief, *McLucas v. Palmer*, 427 F.2d 239, 241-42 (2d Cir. 1970), I also dismiss Rampersaud's claims for declaratory relief.

## CONCLUSION

For the reasons provided, I dismiss Rampersaud's complaint in its entirety.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 14, 2011
      Brooklyn, New York